UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CLIFF, JR.,

       Plaintiff,                          No. 12-15392

v.                                         District Judge Nancy G. Edmunds
                                                Magistrate Judge R. Steven Whalen

DETROIT MEDICAL CENTER,
ET AL.,

       Defendants.
_____/

## AMENDED REPORT AND RECOMMENDATION

*In the Report and Recommendation filed on February 26, 2014 [Doc. #15], the Court addressed Defendants' Motion to Dismiss [Doc. #7], but inadvertently neglected to also recommend granting Defendants' Motion to Dismiss (Amended) [Doc. #8]. This Amended Report and Recommendation corrects that omission. The substantive analysis, however, is the same as to both motions.*

On December 7, 2012, Plaintiff Robert Cliff, Jr. filed a *pro se* complaint alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* Before the Court is Defendants' Motion to Dismiss [Doc. #7] and Motion to Dismiss Amended [Doc. #8], which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed

–1–

below, I recommend that the Motions to Dismiss [Doc. #7 and #8]be GRANTED, and the complaint DISMISSED WITH PREJUDICE.

## I. FACTS

Plaintiff is employed by Defendant Detroit Medical Center ("DMC"). He alleges that he was hired in 2004, and was the first male working with an otherwise all-female staff. *Complaint*, ¶ 7. He states that he first noticed "negative behavior" from female staff in 2005. *Id*. He claims that he has applied for supervisory positions within the DMC, but was never granted interviews. He has filed grievances and requested meetings, but claims that his requests were either ignored, or disciplinary actions were affirmed with one-line responses. *Id*. ¶¶ 8-10. Plaintiff states that the DMC has in fact hired other males in supervisory positions, but that it did so "only to give the appearance of hiring compliance as it relates to male hiring...." *Id*. ¶ 11. In 2011, Plaintiff filed a complaint with the Equal Opportunity Employment Commission ("EEOC"). *Id*. ¶12.

Plaintiff claims that he was denied promotions in retaliation for having complained about unequal treatment, and that the DMC used "threats and intimidation...to further make his employment uncomfortable." *Id*. ¶ 14.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are

–2–

presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the legal sufficiency of a complaint, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 676 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

### III. DISCUSSION

On its face, Plaintiff's complaint raises a single count of retaliation in violation of Title VII. However, because *pro se* pleadings are to be liberally construed, *see Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), I read the complaint to also allege gender

–3–

discrimination in denying promotions.

An employment discrimination case under Title VII can be based on either direct or circumstantial evidence. Direct evidence is "evidence that proves the existence of a fact without requiring any inferences." *Blair v. Henry Filters, Inc.,* 505 F.3d 517, 523 (6th Cir.2007) (quoting *Rowan v. Lockheed Martin Energy Sys., Inc.,* 360 F.3d 544, 548 (6th Cir.2004)). For example, if Plaintiff's supervisor had said, "I am denying you a promotion because we don't want any men in that position," that would be direct evidence of gender discrimination. In addition, "[e]vidence of discriminatory motives must ... have some relationship with the employment decision in question; inappropriate but isolated comments that amount to no more than 'stray remarks' in the workplace will not do." *Preston v. Berendsen Fluid Power*, 125 F.Supp.2d 245, 250 -251 (W.D.Mich. 2000) (quoting *Venters v. City of Delphi,* 123 F.3d 956, 973 (7th Cir.1997)). *See also Wohler v. Toledo Stamping & Mfg. Co.,* 125 F.3d 856, 1997 WL 603422, at *3 (6th Cir. Sept.30, 1997) (table) (distinguishing a "comment made as part of a conversation specifically addressing the decisional process" from "stray remarks unrelated to the decisional process").

Thus, allegations of generalized "negative behavior" from female staff will not suffice to support Plaintiff's claim, and he has made no other allegations that would plausibly support a claim of direct discrimination. Therefore, his claim relies on circumstantial evidence. In such case, the burden-shifting approach first set forth in

–4–

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies. *See Johnson v. Kroger Co.*, 319 F.3d 858, 865-66 (6th Cir. 2003). Under that framework, a plaintiff must present a prima facie case of unlawful discrimination. Once she or he has done so, the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for taking the challenged action. *Johnson v. University of Cincinnati*, 215 F.3d 561, 573 (6th Cir. 2000).1 If the defendant satisfies that burden, the plaintiff must then prove, by a preponderance of the evidence, that the proffered reason for the defendant's actions is not the true reason, but rather a pretext for discrimination.

In this case, the Plaintiff's case fails at the prima facie stage. In order to state a prima facie case of gender discrimination, he must plausibly allege that (1) he was a member of the protected class, or that DMC is that "unusual employer" who discriminates against the majority2; (2) he suffered an adverse employment action, (3) he was qualified for the position, and (4) the adverse action was taken under circumstances giving rise to

---

[1]This is a burden of production. *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 868 (6th Cir. 2001).

[2] In a so-called "reverse discrimination" case, where, as here, the plaintiff is not a member of a protected class, the first and fourth prongs of the analysis are modified. "[T]o satisfy the first prong of the prima facie case, the plaintiff must demonstrate background circumstances [to] support the suspicion that the defendant is that unusual employer who discriminates against the majority....To satisfy the fourth prong in such cases, the plaintiff must show that the defendant treated differently employees who were similarly situated but were not members of the protected class." Id. *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 614 (6th Cir.2003)(internal quotations and citations omitted).

an inference of unlawful discrimination. *McDonnell Douglas, supra,* 411 U.S. at 802; *Hazle v. Ford Motor Co.*, 464 Mich. 456, 463, 628 N.W.2d 515 (2001). The last factor is generally shown by evidence that the plaintiff was "treated differently from similarly situated individuals outside of [the] protected class." *Smith v. City of Salem, Ohio,* 378 F.3d 566, 570 (6th Cir. 2004)(*citing Perry v. McGinnis,* 209 F.3d 597, 601 (6th Cir.2000)); *McDonnell Douglas,* 411 U.S. at 802, 1824.

Plaintiff has alleged that at the time of his hire, he was the only male employee in his unit. Although this is a rather thin reed to grasp, I will generously assume, for purposes of this motion, that he has satisfied the first prong of the modified prima facie case, that is, the DMC department for which he worked was that "unusual employer" that might discriminate against the majority. Likewise, he satisfies the second prong by his claim that he was not considered for promotions. However, Plaintiff's case falters on the third and fourth prongs.

First, Plaintiff does not identify the positions for which he applied, nor does he allege that he was qualified for those positions. There is nothing in his complaint, beyond factually unsupported conclusions, from which it could be inferred that he had any qualifications for the positions in question. Plaintiff fails the third prong of *McDonnell-Douglas*.

Plaintiff also fails the fourth prong, in that he has set forth no facts indicating that he was treated differently from similarly situated females. To the contrary, he

–6–

affirmatively states at ¶ 11 that DMC in fact did hire males in supervisory positions. His completely speculative allegation that DMC did so "only to give the appearance of hiring compliance as it relates to male hiring" borders on the absurd. Plaintiff has pled himself out of court.

Plaintiff's retaliation claim fares no better. First, as to alleged retaliatory actions dating to 2004 and 2005, those claims would be barred by the three-year statute of limitations for Title VII cases. And his allegation that he was retaliated against because he filed an EEOC claim in 2011 is purely speculative.

"A prima facie case of retaliation requires a plaintiff to establish that (1) []he engaged in activity protected by Title VII; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse employment action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and the adverse employment action or harassment." *Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 639 (6th Cir. 2009), citing *Morris v. Oldham Fiscal Ct.*, 201 F.3d 784, 792 (6th Cir.2000). The Plaintiff has not shown or alleged that whoever denied him the promotions or used unspecified "threats and intimidation" to make his employment uncomfortable had any knowledge of his EEOC claim. Moreover, he does not state who took these actions–much less whether they were taken by his supervisors–or whether such persons had any relationship to allegedly adverse employment decisions. He thus fails the

–7–

second, third, and fourth prongs of the Title VII retaliation analysis.

Plaintiff is no doubt disappointed that he was not considered for supervisory or other positions. But this Court does not "sit as a super-personnel department" to second-guess the wisdom of an employer's hiring decisions. *Hedrick v. Western Reserve Care Sys.,* 355 F.3d 444, 462 (6th Cir.2004) (quoting *Krenik v. County of Le Sueur,* 47 F.3d 953, 960 (8th Cir.1995)). Plaintiff's belief that he is the victim of gender discrimination is just that–a belief. It is unsupported by any facts that would plausibly establish his claims beyond the level of speculation. It bears repeating the following language from *Iqbal,* 556 U.S. at 676:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief.*" (Emphasis added).

### IV.    CONCLUSION

For these reasons, I recommend that Defendants' Motion to Dismiss [Doc. #7] and Motion to Dismiss Amended [Doc. #8] be GRANTED, and the complaint DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file

specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: February 27, 2014         s/R. Steven Whalen
                                 R. STEVEN WHALEN
                                 UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 28, 2014, electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable R. Steven Whalen